Gilbert M. Freedman, Petitioner v. Commonwealth of Pennsylvania, Department of General Services, Respondent.

Argued September 14, 1978, before Judges Crum-
lish, Jr., Rogers and Craig, sitting as a panel of three.

*Philip D. Freedman*, with him *Caldwell, Clouser &
Kearns*, for petitioner.

*I. Lawrence Gelman*, Assistant Chief Counsel, for
respondent.

Opinion by Judge Rogers, October 23, 1978:

Gilbert M. Freedman, a member of the State classi-
fied service as defined in the Civil Service Act, Act of
August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.1
et seq., has filed a petition for review of the refusal, in
writing, by the State Civil Service Commission to hear
his appeals from a personnel action of his employer,
the Department of General Services. Freedman's ap-
peals to the State Civil Service Commission alleged
that he had been improperly demoted and that the de-
motion was moreover an act of discrimination against
him as grounded on non-merit factors. The Civil Ser-
vice Act provides that the Civil Service Commission
"shall properly schedule and hold a public hearing
upon" appeals from allegedly improper personnel

actions generally (Subsection 951(a), 71 P.S. §741.951 (a)), and from allegedly discriminatory personnel actions in particular (Subsection 951(b), 71 P.S. §741-.951(b)).

It seems to be the position of the State Civil Service Commission that it may refuse a hearing on an appeal by a State employee from what the employee alleges is an unlawful demotion and a discriminatory unlawful demotion as well, if it appears to the Commission upon extra-judicial inquiry of the appointing authority that whatever happened did not effect the employee's demotion. However efficacious such a procedure might prove in the Commission's disposition of a doubtless crowded docket, it is plainly contrary to the Act's provision that such factual determinations be made at a public hearing of the Commission.

We will therefore remand the record to the Commission for the necessary hearing.

ORDER

AND Now, this 23rd day of October, 1978, the record is remanded to the State Civil Service Commission for hearing of the petitioner's appeals as provided by law.